FILED
NOV 19 2018
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL T. DEMISSE, )
)
    Plaintiff, )
)
v. ) Civil Action No.: 1:18-cv-02203 (UNA)
)
JOHN DOE, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff filed the complaint and IFP application on September 24, 2018. Plaintiff, a resident of Washington, D.C., sued several John Doe defendants, but provided no identifying information pursuant to District of Columbia LCvR 5.1(c)(1). On October 16, 2018, the Court entered an Order directing plaintiff to file, within thirty days, a notice listing the actual name(s) and complete address(es) of the intended defendants. The Court advised that the matter would be dismissed for failure to comply. On October 30, 2018, plaintiff filed a notice with a listing of information for one defendant, namely, Ronald Pichini, located at 600 Fifth Street N.W., Washington, D.C. 20001. He failed to provide any information pursuant to LCvR 5.1(c)(1) regarding any other intended defendants. Therefore, the Court will now address the complaint.

While the complaint is far from a model in clarity, Plaintiff sues Mr. Pichini for various tort claims. He seeks monetary damages in excess of $14 million. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff fails to raise any federal question. As pled, he also fails to satisfy the burden to establish diversity jurisdiction. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: November  16 , 2018                         United States District Judge